**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

WELLS FARGO BANK, NATIONAL
ASSOCIATION
      Plaintiff,

      v.

CRYSTAL WHITE AND
LANSDOWNE CONDOMINIUM
ASSOCIATION, INC.
      Defendants.

No. 3:17-cv-00858 (VAB)

**RULING AND ORDER ON MOTION TO REMAND**

Originally filed in Connecticut Superior Court by Wells Fargo Bank, N.A. ("Wells

Fargo" or "Plaintiff"), against Crystal White ("Ms. White" or "Defendant") and Landsdowne

Condominium Association, Inc. ("Landsdowne" or "Defendant"), Ms. White removed this case

to this Court under 28 U.S.C. § 1441, and claimed that this Court has both federal-question and

diversity jurisdiction over the case. Notice of Removal at 2, ECF No. 1.

Wells Fargo now moves to remand the case back to Connecticut Superior Court, arguing

that this Court lacks jurisdiction over the case. Mot. for Remand, ECF No. 10.

For the reasons that follow, Wells Fargo's motion to remand is **GRANTED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Factual Allegations**

Ms. White owns property located at 229 Landsdowne in Westport, Connecticut. Notice of

Removal Ex. A, Underlying Complaint ("Underlying Compl.") ¶ 2, ECF No. 1. On September

13, 2005, she executed a note for a loan of $400,000 from World Savings Bank, FSB, in exchange for a mortgage on the property. *Id.* ¶¶ 3-4. The mortgage was recorded on September 23, 2005. *Id.* ¶ 4.

On December 31, 2007, World Savings Bank, FSB, became Wachovia Mortgage, F.S.B. *Id.* On November 1, 2009, Wells Fargo purchased Wachovia Mortgage, F.S.B., was acquired by Wells Fargo Bank, N.A. *Id.* Wells Fargo now claims that it holds the Note and Mortgage. *Id.*

On June 23, 2013, Wells Fargo sued Ms. White in Connecticut Superior Court, seeking to accelerate the balance due on the Note, declaring it due in full, and to foreclose on the Mortgage securing the Note. *Id.* ¶ 5. The state court case proceeded through motions to dismiss and summary judgment motions, and trial was scheduled for May 25, 2017. Mot. for Remand at 2, ECF No. 10.

**B.      Procedural History**

On May 23, 2017, Ms. White, at this point proceeding *pro se*, removed the matter to federal court, and on May 24, 2017, her Notice of Removal was docketed. *Id.*; Notice of Removal at 12. Ms. White removed this case under 28 U.S.C. § 1441, claiming both diversity and federal question jurisdiction. Notice of Removal at 10-11. She claims her removal is timely under 28 U.S.C. § 1446(c)(3)(B). *Id.* at 3.

On June 6, 2017, Wells Fargo moved to remand under 28 U.S.C. § 1447, arguing that removal is improper because the parties are not diverse, the pleading does not involve a federal question, and the pleading violates the "unanimity rule" with respect to 28 U.S.C. § 1446(a). Mot. to Remand.

## II.    STANDARD OF REVIEW

A district court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bear the burden of proving that the case is properly in federal court[.]" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *Southern Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, 2012 WL 162369, at *1 (D. Conn. 2012) (quoting *United Food & Commercial Workers Union*, 30 F.3d at 305)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

## III.    DISCUSSION

Wells Fargo moves for a remand because (1) Ms. White and Wells Fargo are not diverse parties; (2) Wells Fargo's underlying complaint raises no federal question; and (3) Ms. White's notice of removal is untimely under 28 U.S.C. § 1446. *See generally* Mot. for Remand. Ms. White, on the other hand, claims that removal was proper because this Court has both diversity jurisdiction and federal question jurisdiction over the case. *See* Opp'n to Mot. to Remand at 2; 28 U.S.C. § 1441(a)-(c). The Court agrees with Wells Fargo.

A defendant may remove a case from state court to federal court only if the district court would have original jurisdiction over it. 28 U.S.C. § 1441(a). Establishing original jurisdiction requires that the defendant show that the parties are diverse under 28 U.S.C. § 1332, or that the

civil action includes a federal question under 28 U.S.C. § 1331. *Arbaugh v. Y & H Corp.*, 546

U.S. 500, 513 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are

contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question'

jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction."). A case may not be removed,

however, solely on the basis of diversity jurisdiction if any defendant "is a citizen of the State in

which such action is brought." *Id.* § 1441(b)(2).

### A. Diversity Jurisdiction

First, Ms. White argues that diversity jurisdiction exists because she is a resident of

Connecticut, Wells Fargo is a resident of California, and more than $75,000 is at stake. Opp'n to

Mot. to Remand ¶ 3. A state court case is not removable, however, based solely on diversity

jurisdiction if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. §

1441(b)(2); *see also Bank of America Nat. Assoc. v. Derisme*, 743 F. Supp. 2d 93, 102-103 (D.

Conn. 2010) (remanding case because the defendant was a Connecticut citizen); *U.S. Bank Trust,

N.A. for Wells Fargo Asset Sec. Corp. v. Walbert*, 3:17-cv-00991 (CSH), 2017 WL 3578553, at

*3 (D. Conn. Aug. 18, 2017), *reconsideration denied sub nom. U.S. Bank Tr., N.A. for Wells

Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2005-AR2 v. Walbert*, No. 3:17-

cv-0091 (CSH), 2017 WL 4613191 (D. Conn. 2017) ("Because Defendant appears to be a citizen

of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the

state in which the civil action is brought, the foreclosure action is not removeable.").

Here, Wells Fargo sued Ms. White in Connecticut and Ms. White has admitted that she is

a Connecticut resident. Opp. to Mot. to Remand ¶ 3. Accordingly, this Court does not have

subject-matter jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1441(b) ("A civil action

otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may

not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

## B.    Federal Question Jurisdiction

Second, Ms. White claims that the Court has federal question jurisdiction over this case because Wells Fargo failed to show a clear chain of title of her loan, and, as a result, the federal government—specifically, through Fannie Mae and Freddie Mac—has an interest in the loan. Opp'n to Mot. to Remand ¶¶ 18-19 (citing 28 U.S.C. § 1442(a)(2)). She also asserts that Wells Fargo violated her constitutional rights by refusing to show a clear chain of title to the Note in default. *Id.* ¶¶ 17-18. The Court disagrees.

Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the Untied States." *Arbaugh*, 546 U.S. at 513; *see also Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (explaining that a case arises out of federal law within the meaning of section 1331 if either (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law).

Critically, "[u]nder the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)); *see also Derisme*, 743 F. Supp. 2d at 102 ("The Supreme Court has long held that the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides

that the federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Rivet v. Regions Bank*, 522 U.S. 470 (1998)). Accordingly, this Court has jurisdiction only if Wells Fargo's Underlying Complaint presents a federal question of law.

Wells Fargo seeks foreclosure on the Mortgage on state law grounds, specifically, under Conn. Gen. Stat. § 49-17. Compl. at 17. This statute "governs foreclosure by the owner of a debt without legal title to the underlying property." *Costello v. Wells Fargo Bank Nat. Assoc.*, 2017 WL 3262157, *12 (D. Conn. 2017). There is no claim under a federal statute on the face of the Complaint.

Ms. White asserts that her "constitutional rights are being violated by not finding out who the real party is behind her case." Opp. to Mot. to Remand ¶ 18. She claims that Wells Fargo has violated her rights under "the United States Constitution, the 14th Amendment, Article III, and Seventh Amendment, and possibly also the first Amendment and 42 U.S.C. § 1983." *Id.* Ms. White's claims have no bearing, however, on whether the question at issue is a federal one, because counterclaims do not determine whether the court has original jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (declining "to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule'"). Because no federal question exists, and this case relies exclusively on state law, this Court lacks jurisdiction over the case.

### C.     Timeliness

Ms. White argues that her notice of removal is timely under 28 U.S.C. § 1446 because Wells Fargo acted in bad faith. Opp. Mot. Remand ¶ 5. Because the Court does not have

jurisdiction over the case, the Court need not and therefore does not address the issue of timeliness.

### D.     Federal Defense Exception Under 28 U.S.C. § 1442

Ms. White also argues that 28 U.S.C. § 1442 "specifically allows removal to District Court when Government and Government employees are involved." Opp. Mot. Remand ¶ 19. Ms. White refers to the following government agencies and employees in the preceding paragraph: Fannie Mae and the Federal Home Loan Mortgage Corporation FHLMC, Freddie Mac, and The Federal Housing Finance Agency. *Id.* ¶ 18.

28 U.S.C. § 1442 provides:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

Thus, 28 U.S.C. § 1442(a)(2), "the federal officer removal statute," allows "suits against federal officers [to] be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson County v. Acker,* 527 U.S. 423, 429-31 (1999). It is "an exception to the 'well-pleaded complaint' rule, under which (absent

diversity) 'a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.'" *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983)) (internal quotation marks omitted)). The statute "reflects a congressional policy that 'federal officers, and indeed the Federal Government itself, require the protection of a federal forum[.]'" *Id.* (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

No federal officers have been sued in this case—Ms. White and Landsdowne Condominium Association, Inc., are the two defendants, and Ms. White does not argue that they are federal officers. *Cf. Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 400 (2d Cir. 2017) (allowing removal under 28 U.S.C. § 1442(a)(1) where the United States Postal Service was a third-party defendant). In addition, although Ms. White asserts that certain federal agencies may have an interest in her mortgage, none of those agencies are defendants (or third-party defendants) in the case, and Ms. White has not sufficiently alleged that she is a "property holder whose title is derived from" a federal officer and that her mortgage foreclosure "affects the validity of any law of the United States" under 28 U.S.C. § 1442(a)(2).

The federal officer removal statute, 28 U.S.C. § 1442, therefore is not applicable in this case, and the Court does not have jurisdiction under it.

**IV.**  **CONCLUSION**

For the foregoing reasons, because this Court lacks jurisdiction over this case, Wells Fargo's motion to remand is **GRANTED**.

SO ORDERED at Bridgeport, Connecticut, this 31st day of January, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE